UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JAMES P. FREDRICKSON,

    Plaintiff,

vs.

ASSOCIATION LAW
GROUP, P.L.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JAMES P. FREDRICKSON, ("Plaintiff"), sues the Defendant ASSOCIATION LAW GROUP, P.L., ("Defendant"), and as grounds therefore states:

### JURISDICTION AND VENUE

1. This is an action under the Fair Debt Collections Practices Act.

2. This Court has subject matter jurisdiction of this case under the Federal Debt Collections Practices Act, 15 U.S.C. § 1692 et. Seq. ("FDCPA"), and 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. §§ 1391(a) through (c). Plaintiff has been sued by the Defendant in Miami- Dade County and Defendant conducts business in this District.

### PARTIES

4. Plaintiff, James P. Fredrickson, owns a residential property located at 3479 NE 1st Street, Homestead, Florida 33033.

5. Plaintiff is a member of the Oasis Club Homeowner Association. ("Association").

6. Lennar Homes, LLC., was the Pre-Transfer community clubhouse owner.

7. Plaintiff is a consumer as defined in 15 U.S.C. § 1692 (a)(3).

8. Defendant, Association Law Group, P.L., ("The Firm" or "ALG"), is a law firm with its principal place of business located at 1200 Brickell Avenue, PH 2000 Miami, Florida 3313.

9. The Firm was retained by Lennar Homes, LLC ("Lennar") to collect past due amounts allegedly owed for the community clubhouse.

10. The Firm, engages in consumer debt collection on behalf of community associations and other entities throughout Florida, including filing liens and foreclosure of past due assessments.

11. The Firm regularly collects or attempts to collect consumer debts asserted owed or due and regularly uses the mails and other instrumentalities of interstate commerce in its attempts to collect debts asserted to be owed or due by consumers. In the case of Plaintiff, a Complaint attempting to foreclose a lien was filed by the Defendant to collect a consumer debt.

12. Association Law Group, P.L., is a debt collector as defined in 15 U.S.C. §1692(a)(6.

13. The Firm has intentionally violated, by act or omission, a provision or provisions of the FDCPA.

## FACTUAL ALLEGATIONS

14. Plaintiff is a member of the Association by reason of his ownership of the property described above.

15. The property is Plaintiff's homestead and has been his home since November 26, 2014.

16. Lennar was the owner of the clubhouse until May 23, 2013 when it was sold to the East Homestead Community Development District ("CDD") and the residents' payment obligation to Lennar ceased to exist.

17. Plaintiff purchased the property after the Clubhouse had been sold to the CDD.

18. On or about November 11, 2014, the title company handling the closing of said property requested an estoppel letter from the Association seeking notification of any and all amounts owing to the Association. *Attached hereto as Exhibit "A" is a true copy of the Estoppel Request.*

19. On or about November 13, 2014, the Association advised that there was a balance of $100.00 and that a special assessment had been levied but that the account was paid in full. Plaintiff promptly paid the $100 outstanding balance at closing. *Attached hereto as Exhibit "B" is a true copy of the Estoppel Letter.*

20. On or about September 26, 2017, Plaintiff was notified, for the first time, that a balance was allegedly owed for the clubhouse.

21. Plaintiff contacted ALG to schedule a face to face meeting to explain that this had to be an error since he had previously obtained an estoppel letter advising that only $100 dollars (for an unrelated matter) was due at the time of closing. Plaintiff was advised that it was not possible to meet with anyone and if he attempted to come to their office no one would meet with him. Furthermore, they would only deal with him via phone or email.

22. Subsequently, Plaintiff contacted the Title Company that had conducted the closing and obtained the estoppel information and requested that they reach out to ALG. The Title

Company attempted numerous times to email and call ALG but never received an email or call back from ALG.

23. On or about October 19, 2017, Plaintiff received a breakdown of monies allegedly owed to the Association for the clubhouse. *Attached hereto as Exhibit "C" is a true copy of the October 19, 2017 letter sent by ALG.*

24. On or about March 20, 2018, Plaintiff received from the Firm a certified letter advising him that he was delinquent on his Clubhouse account and that a Claim of Lien had been filed against his property. A true copy of the March 20, 2017 letter "Delinquent Club Dues" is attached hereto as "Composite Exhibit A".

25. On May 17, 2018, Plaintiff was served with a two count Complaint seeking to foreclose on the lien and for money damages for breach of contract.

26. The threat of being hauled into state court, particularly for a debt that he did not owe resulted in Plaintiff having suffered undue distress and anxiety, and the associated symptoms that reasonably spring therefrom.

27. Plaintiff has also sustained actual damages in the form of the attorney's fees he has incurred as the result of the Defendant having filed the underlying state court action. *Lowe v. Elite Recovery Solutions, L.P.*, 2008 U.S. Dist. LEXIS 8353 (E.D.Cal. 2008) (holding that fees incurred from underlying state court action were recoverable as "actual damages" under the FDCPA).

## COUNT 1 - 15 U.S.C 1692d

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 by reference herein.

29. Defendant knew or should have known the amounts it sought to collect in the September 26, 2017 Notice of Past Due Assessments, October 19, 2017 Payoff Estoppel, March 20, 2018 Notice of Delinquent Club Dues and the May 2018 Complaint to Foreclose Lien were

improper and in violation of the Fair Debt Collections Practices Act when it knew the debt was not legitimate and exceeded the applicable statute of limitations.

30. The Firm knew the debts at issue were illegitimate and the legal right to collect those amounts did not exist for the reasons set forth above. The Firm knew what dates the debts were incurred, what the debt was comprised of, and that proof of payment had been provided.

31. The Firm violated 15 U.S.C 1692d, by willfully engaging in conduct which could reasonably be expected to abuse or harass Plaintiffs or any member of their family, by sending a letter demanding payment, filing a claim of lien and subsequently a Complaint to foreclose lien on a debt that did not exist and or was time-barred.

**WHEREFORE**, Plaintiff seeks a judgment against the Defendant for the recovery of statutory damages, actual damages, reasonable attorney's fees, and costs of the action pursuant to 15 USC 1692k, together with prejudgment interest and such further relief as this Court deems just and proper.

### COUNT II - 15 U.S.C 1692e

32. Plaintiffs re-alleges and incorporates paragraphs 1 through 27 by reference herein.

33. The Firm violated 15 U.S.C 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the debt when it filed a claim of lien and Complaint to Foreclose Lien on a debt that was non-existent and or time-barred.

**WHEREFORE**, Plaintiff seeks a judgment against the Defendant for the recovery of statutory damages, actual damages, reasonable attorney's fees, and costs of the action pursuant to 15 USC 1692k, together with prejudgment interest and such further relief as this Court deems just and proper.

### COUNT III - 15 USC 1692e(2)(A)

34. Plaintiffs re-alleges and incorporates paragraphs 1 through 27 by reference herein.

35. Defendant knew or should have known the amounts it sought to collect in the September 26, 2017 Notice of Past Due Assessments, October 19, 2017 Payoff Estoppel, March 20, 2018 Notice of Delinquent Club Dues and the May 2018 Complaint to Foreclose Lien were improper. Defendant violated 15 USC 1692e(2)(A) by falsely representing the character, amount, or legal status of the debt.

**WHEREFORE**, Plaintiff seeks a judgment against the Defendant for the recovery of statutory damages, actual damages, reasonable attorney's fees, and costs of the action pursuant to 15 USC 1692k, together with prejudgment interest and such further relief as this Court deems just and proper.

### COUNT IV – Violation of 15 USC 1692e(5)

36. Plaintiffs re-alleges and incorporates paragraphs 1 through 27 by reference herein.

37. Defendant knew or should have known the amounts it sought to collect in the September 26, 2017 Notice of Past Due Assessments, October 19, 2017 Payoff Estoppel, March 20, 2018 Notice of Delinquent Club Dues and the May 2018 Complaint to Foreclose Lien were improper. These communications violated 15 USC 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

**WHEREFORE**, Plaintiff seeks a judgment against the Defendant for the recovery of statutory damages, actual damages, reasonable attorney's fees, and costs of the action pursuant to 15 USC 1692k, together with prejudgment interest and such further relief as this Court deems just and proper.

### COUNT V – Violation of 15 U.S.C 1692e(10)

38. Plaintiffs re-alleges and incorporates paragraphs 1 through 27 by reference herein.

39. Defendant's attempts to collect a debt violated 15 USC 1692e(10) by using false representation or deceptive means to collect or attempt to collect the debt when it knew or should have known the debt was non-existent and or time barred.

**WHEREFORE**, Plaintiff seeks a judgment against the Defendant, ALG for the recovery of statutory damages, actual damages, reasonable attorney's fees, and costs of the action pursuant to 15 USC 1692k, together with prejudgment interest and such further relief as this Court deems just and proper.

### COUNT VI – Violation of 15 U.S.C 1692f

40. Plaintiffs re-alleges and incorporates paragraphs 1 through 27 by reference herein.

41. Defendant violated 15 U.S.C. §1692f. The firm's conduct was unfair or unconscionable where it knowingly and intentionally sought to recover amounts which it was not legally entitled to recover. The Firm knew the amounts sought were illegitimate and the legal right to collect those amounts did not exist for the reasons set forth above.

**WHEREFORE**, Plaintiff seeks a judgment against the Defendant for the recovery of statutory damages, actual damages, reasonable attorney's fees, and costs of the action pursuant to 15 USC 1692k, together with prejudgment interest and such further relief as this Court deems just and proper.

### COUNT VII – Violation of 15 USC 1692f(1)

42. Plaintiffs re-alleges and incorporates paragraphs 1 through 27 by reference herein.

43. Defendant violated 15 USC 1692f(1) by collecting or attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff seeks a judgment against the Defendant for the recovery of statutory damages, actual damages, reasonable attorney's fees, and costs of the action pursuant to 15 USC 1692k, together with prejudgment interest and such further relief as this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, JAMES P. FREDRICKSON, hereby demands a trial by jury of all issues triable.

Dated: <u>August 16, 2018</u>

                              Respectfully submitted,

                              **AMADOR & CUELLAR, PLLC.**
                              1330 SW 22 ST., SUITE 304
                              MIAMI, FL 33145
                              TEL. (305) 901-3337
                              FAX. (305) 647-0669
                              SERVICE EMAIL: efiling@aclawoffices.net

BY: <u>/s/ *Abbie B. Cuellar*</u>
      MONICA AMADOR, ESQ.
      FLORIDA BAR NO. 29994
      ABBIE B. CUELLAR, ESQ.
      FLORIDA BAR NO. 97756

TRANSMITTAL
Homeowners/Condominium Association (Cont.)

 **First American**

First American Title Insurance Company
3750 NW 87th Ave, Suite 550
Doral, FL 33178
Phn - (305)477-0881
Fax - (866)800-4754

## Estoppel Request
### Homeowners/Condominium Association

Date:   11/11/2014

To:   **Unite Property Management**   Fax:

11773 SW 34 Street
Miami, FL 33175

From:   **Beatriz Heflin**

Re:   File No.:   **12670-2124220**
Owner's Name:   **Smart Solutions Property Management**
Property Address:   **3479 NE 1 Street, Homestead, FL 33033**
Legal Description:   Lot **18**, Block **3**, Unit , Subdivision **ANTIGUA AT OASIS**

Please be advised our office will be handling a real estate transaction for the above captioned property on November 17, 2014. In order to facilitate the closing please complete and return the attached Homeowners/Condominium Association Statement of Account. *In the event you prefer to send a different form to provide this information please assure the form contains all requested information.*

*If there is a fee associated with fulfilling this request please add such fee to the statement. If you require this fee in advance of providing the information please contact our office immediately.*

Please contact us by email/fax if you have any questions, need further information or cannot fulfill this request.

Thank You for your help!!

Page 1 of 3
12670 - 2124220

---

Legal Description:   Lot **18**, Block **3**, Unit , Subdivision **ANTIGUA AT OASIS**

**Association Dues:**

Frequency of Payment:   _____ Yearly   _____ Quarterly   _____ Monthly
_____ Other (please describe) _____

Amount of each installment:   $ _____

Delinquent Amount, if any   $ _____

Next Installment due date:   _____

**Special Assessments:**

Are there current unpaid special Assessments?   ____ YES ____ No
If yes, please describe: _____

Are there pending Special Assessments?   ____ YES ____ No
If yes, please describe: _____

**FEES:**

Estoppel/Statement fee:   $ _____
Payable to: _____

Transfer Fee:   $ _____
Payable to: _____

Capital Contribution required:   $ _____
Payable to: _____

**Certificate of Approval:**

Is a Certificate of Approval needed before a sale can be accomplished? ____ Yes ____ No

If yes, has application been made? ____ Yes ____ No

If a Certificate of Approval will be issued please indicate who to whom the **original** will be released:
____ Buyer ____ First American Title ____ Buyer's Real Estate Agent

**Exhibit "A"**

Page 2 of 3
12670 - 2124220

**TRANSMITTAL**
**Homeowners/Condominium Association (Cont.)**

Can a copy of the Cert of Approval be faxed to First American Title for review?

_____ Yes _____ No

**INSURANCE:**
Insurance Agent for Master Policy: _____ Phone: _____

Insurance Agent for Master Flood Policy: _____ Phone: _____

**Miscellaneous Information:**

Who is responsible for water/sewer payments?   _____ Association   _____ Owner

Is there an underlying ground lease? _____ Yes _____ No

Are there any existing violations of covenants, restrictions, Declaration of Condominium/Homeowners' Association by laws?
_____ Yes _____ No

Is there any pending litigation concerning the Condominium/Homeowners' Association or the unit owner?
_____ Yes _____ No
If yes, please describe: _____

Is there another Association other than your association? _____ Yes _____ No
If yes, please provide the following information:

Name: _____
Address: _____
Phone: _____

Are there any other matters concerning the association that would affect the sale or refinance of this property?   _____ YES _____ NO
If yes, please describe: _____

**Completed by:**

Your Name: _____

Your Phone Number: _____

Your email address: _____

Your FAX number: _____

Mailing Address (i.e. Management Company or HOA Association):

_____
_____
_____



*Unite Property Management*

MIRAGE AT OASIS COMMUNITY ASSOCIATION, INC.
ESTOPPEL INFORMATION

DATE: NOVEMBER 13, 2014

RE: SMART SOLUTIONS PROPERTY MANAGEMENT
ACCOUNT: # MHOA 318

UNIT ADDRESS: 3479 NE 1 ST
HOMESTEAD, FL 33033

PLEASE BE ADVISED THAT THE CURRENT FEE FOR THE ASSOCIATION IS $100.00 PER MONTH, BUT WILL INCREASE TO $115 FOR 2015.

The fees are due and payable on the first of the month and late on the second day of the month. ALL PAYMENTS CREDITED ARE APPLIED TO THE OLDEST OUTSTANDING BALANCE AT THE TIME OF RECEIPT. If payment is not deposited in the Association's bank account before the fifteen (15th) day of the month, a late fee of $ 25.00 dollars is assessed against each account.

**AS OF NOVEMBER 13, 2014 THERE IS A BALANCE DUE ON THE REGUALR ACCOUNT OF: $100.00**

A copy of the warranty deed must be submitted to:
Unite Property Management within ten (10) days of closing date. Official
Ownership records cannot be changed without a warranty deed.

**THERE IS A CLUB HOUSE ASSOCIATION CONTACT:** KW Property AT 786-363-2583

THERE IS A SPECIAL ASSESSMENT AT THIS TIME FOR BACK DUE'S TO THE MASTER ASSOCIATION, THIS ACCOUNT IS PAID IN FULL.

APPROVAL FOR NEW PURCHASER/TENANT IS NECESSARY.

**Be aware the new owner is expected to cure all outstanding violation(s) issues within no later than 30 days after closing, please contact our office for details.**

Checks are to be made payable to: MIRAGE HOA

Raul Abdala
Community Association Manager
for the Board of Directors

**Exhibit "B"**

P.O. Box 653637 • Miami, Florida 33265-3637 • Telephone 305.227.2448 • Fax 305.227.2418
E-Mail: info@unitepm.org • Web: www.unitepm.org



October 19, 2017

**VIA EMAIL**

James Pak Fredrickson
Jamespfredrickson@yahoo.com

Re: Oasis Club (the "**Association**")
Current Owner: Jam Pak Fredrickson
Property Address: 3479 NE 1st Street, Homestead, FL 33033

To Whom It May Concern:

Our firm represents the Association. Pursuant to your request, below please find a breakdown and description of the sums due and owing through thirty (30) days from the date of this Payoff Estoppel (the "**Expiration Date**"):

| Amount due to Association through June 1, 2014 | $4,322.60 |
|---|---|
| Attorney Fees and Costs | $2,634.90 |
| Subtotal | $6,957.50 |
| Less payments received | $0.00 |
| TOTAL | $6,957.50 |

Please contact us to initiate a wire transfer to pay the foregoing amount or, in the alternative, please make your check or money order payable to **Association Law Group, P.L., Trust Account** and remit the same to:

Association Law Group
P.O. Box 311059
Miami, Florida 33231

**THIS PAYOFF ESTOPPEL SHALL EXPIRE ON THE EXPIRATION DATE.** The total balance due as shown above shall only be valid as a binding payoff estoppel and constitute full payment of the delinquent account if payment in full is received by this firm on or before the Expiration Date. In order to obtain a detailed itemization of the amounts set forth above, please contact our office. Acceptance of the amounts described above after the Expiration Date may not constitute full payment of the delinquent account and acceptance of such sum(s) should not be construed as an payoff estoppel, novation or waiver of any kind. Because interest, late charges and other charges may vary from day to day, the amount due on the date your payment is received, if such payment is received by our office after the Expiration Date, may be greater than the Total amount set forth above. Hence, if we receive the Total amount set forth above after the Expiration Date, an adjustment may be necessary, in which event we will inform you. Acceptance of a partial or untimely payment will not result in the cessation of collection efforts, and collection efforts will continue until the account is paid in full. We reserve the right to correct any error or omission in the above figures made in good faith, whether mathematical, clerical, typographical or otherwise. Please note that the above payoff estoppel is applicable solely with respect to the Association and does not include any amounts that may be due to other associations and/or entities.

*Please note that if all or any of the amounts claimed herein were discharged in a bankruptcy filing in accordance with the U.S. Bankruptcy Code, this payoff estoppel is not an attempt to collect such amounts from you personally.*

Regards,

Shinelle Willoughby
Comptroller

**Exhibit "C"**

Notice to consumer debtors: Our law firm may be deemed a debt collector under the Federal Fair Debt Collection Practices Act (FDCPA). This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Mailing Address:**
P.O. Box 311059
Miami, Florida 33231
Phone: 305.938.6922
Fax: 305.938.6914

**Office Address:**
1200 Brickell Avenue, PH 2000
Miami, Florida 33131
Email: Info@algpl.com

www.ALG-FIRM.com

08/19/2014 5:16 PM

CW-0013
Club Oasis-ANTIGUA
171 NE 30th Road
Homestead FL 33033

**Resident Transaction Report**
LHI Renaissance, LLC. d/b/a Club Oasis
Start Date 01/01/2000

KW Property Management & Cons
8200 NW 33rd Street, Suite 300
Doral FL 33122

| Unit | Space | Resident | | | | | |
|------|-------|----------|---|---|---|---|---|
| 479S | 01 | Alejandro Carrillo<br>3135 SW 103rd Ave<br>Miami FL 33165 | | | | | |

| Type | Date | CC | Description | Check End Bal | Amount | Balance |
|------|------|-----|-------------|---------------|--------|---------|
| App# | 76987 | | | Beg Bal | | 0.00 |
| Chg | 06/30/2011 | C1 | Prev. Mgmt Bal | | 805.26 | 805.26 |
| Chg | 06/30/2011 | C2 | Prev. Mgmt Bal | | 702.00 | 1,507.26 |
| Chg | 06/30/2011 | FC | Prev. Mgmt Bal | | 138.41 | 1,645.67 |
| Chg | 06/30/2011 | TX | Prev. Mgmt Bal | | 105.54 | 1,751.21 |
| Chg | 07/01/2011 | C1 | Clubhouse Membership | | 47.24 | 1,798.45 |
| Chg | 07/01/2011 | TX | Sales Tax | | 3.31 | 1,801.76 |
| Chg | 08/01/2011 | C1 | Club Expense | | 26.24 | 1,828.00 |
| Chg | 08/01/2011 | C2 | Club Membership | | 21.00 | 1,849.00 |
| Chg | 08/01/2011 | TX | Sales Tax | | 3.31 | 1,852.31 |
| Chg | 08/15/2011 | FC | Interest | | 23.32 | 1,875.63 |
| Chg | 08/15/2011 | LF | Late Fees | | 25.00 | 1,900.63 |
| Chg | 09/01/2011 | C1 | Club Expense | | 26.24 | 1,926.87 |
| Chg | 09/01/2011 | C2 | Club Membership | | 21.00 | 1,947.87 |
| Chg | 09/01/2011 | TX | Sales Tax | | 3.31 | 1,951.18 |
| Chg | 09/15/2011 | FC | Interest | | 24.03 | 1,975.21 |
| Chg | 09/15/2011 | LF | Late Fees | | 25.00 | 2,000.21 |
| Chg | 10/01/2011 | C1 | Club Expense | | 26.24 | 2,026.45 |
| Chg | 10/01/2011 | C2 | Club Membership | | 21.00 | 2,047.45 |
| Chg | 10/01/2011 | TX | Sales Tax | | 3.31 | 2,050.76 |
| Chg | 10/17/2011 | FC | Interest | | 24.73 | 2,075.49 |
| Chg | 10/17/2011 | LF | Late Fees | | 25.00 | 2,100.49 |
| Chg | 11/01/2011 | C1 | Club Expense | | 26.24 | 2,126.73 |

08/19/2014  5:16 PM

CW-0013
Club Oasis-ANTIGUA
171 NE 30th Road
Homestead FL  33033

Resident Transaction Report
LHI Renaissance, LLC. d/b/a Club Oasis
Start Date 01/01/2000

Page 1974

KW Property Management & Cons.
8200 NW 33rd Street, Suite 300
Doral FL  33122

| Unit | Space | Resident | Type | Date | CC | Description | Check | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | Chg | 11/01/2011 | C2 | Club Membership | | 21.00 | 2,147.73 |
| | | | Chg | 11/01/2011 | TX | Sales Tax | | 3.31 | 2,151.04 |
| | | | Chg | 11/15/2011 | FC | Interest | | 25.44 | 2,176.48 |
| | | | Chg | 11/15/2011 | LF | Late Fees | | 25.00 | 2,201.48 |
| | | | Chg | 12/01/2011 | C1 | Club Expense | | 26.24 | 2,227.72 |
| | | | Chg | 12/01/2011 | C2 | Club Membership | | 21.00 | 2,248.72 |
| | | | Chg | 12/01/2011 | TX | Sales Tax | | 3.31 | 2,252.03 |
| | | | Chg | 12/15/2011 | FC | Interest | | 26.15 | 2,278.18 |
| | | | Chg | 12/15/2011 | LF | Late Fees | | 25.00 | 2,303.18 |
| | | | Chg | 01/01/2012 | C1 | Club Expense | | 25.98 | 2,329.16 |
| | | | Chg | 01/01/2012 | C2 | Club Membership | | 22.00 | 2,351.16 |
| | | | Chg | 01/01/2012 | TX | Sales Tax | | 3.36 | 2,354.52 |
| | | | Chg | 01/17/2012 | FC | Interest | | 26.87 | 2,381.39 |
| | | | Chg | 01/17/2012 | LF | Late Fees | | 25.00 | 2,406.39 |
| | | | Chg | 02/01/2012 | C1 | Club Expense | | 25.98 | 2,432.37 |
| | | | Chg | 02/01/2012 | C2 | Club Membership | | 22.00 | 2,454.37 |
| | | | Chg | 02/01/2012 | TX | Sales Tax | | 3.36 | 2,457.73 |
| | | | Chg | 02/15/2012 | FC | Interest | | 27.59 | 2,485.32 |
| | | | Chg | 02/15/2012 | LF | Late Fees | | 25.00 | 2,510.32 |
| | | | Chg | 03/01/2012 | C1 | Club Expense | | 25.98 | 2,536.30 |
| | | | Chg | 03/01/2012 | C2 | Club Membership | | 22.00 | 2,558.30 |
| | | | Chg | 03/01/2012 | TX | Sales Tax | | 3.36 | 2,561.66 |
| | | | Chg | 03/15/2012 | FC | Interest | | 28.31 | 2,589.97 |
| | | | Chg | 03/15/2012 | LF | Late Fees | | 25.00 | 2,614.97 |
| | | | Chg | 04/01/2012 | C1 | Club Expense | | 25.98 | 2,640.95 |
| | | | Chg | 04/01/2012 | C2 | Club Membership | | 22.00 | 2,662.95 |
| | | | Chg | 04/01/2012 | TX | Sales Tax | | 3.36 | 2,666.31 |
| | | | Chg | 04/16/2012 | FC | Interest | | 29.03 | 2,695.34 |
| | | | Chg | 04/16/2012 | LF | Late Fees | | 25.00 | 2,720.34 |
| | | | Chg | 05/01/2012 | C1 | Club Expense | | 25.98 | 2,746.32 |
| | | | Chg | 05/01/2012 | C2 | Club Membership | | 22.00 | 2,768.32 |
| | | | Chg | 05/01/2012 | TX | Sales Tax | | 3.36 | 2,771.68 |
| | | | Chg | 05/15/2012 | FC | Interest | | 29.75 | 2,801.43 |
| | | | Chg | 05/15/2012 | LF | Late Fees | | 25.00 | 2,826.43 |
| | | | Chg | 06/01/2012 | C1 | Club Expense | | 25.98 | 2,852.41 |
| | | | Chg | 06/01/2012 | C2 | Club Membership | | 22.00 | 2,874.41 |
| | | | Chg | 06/01/2012 | TX | Sales Tax | | 3.36 | 2,877.77 |
| | | | Chg | 06/15/2012 | FC | Interest | | 30.47 | 2,908.24 |
| | | | Chg | 06/15/2012 | LF | Late Fees | | 25.00 | 2,933.24 |
| | | | Chg | 07/01/2012 | C1 | Club Expense | | 25.98 | 2,959.22 |
| | | | Chg | 07/01/2012 | C2 | Club Membership | | 22.00 | 2,981.22 |
| | | | Chg | 07/01/2012 | TX | Sales Tax | | 3.36 | 2,984.58 |
| | | | Chg | 07/16/2012 | FC | Interest | | 31.19 | 3,015.77 |
| | | | Chg | 07/16/2012 | LF | Late Fees | | 25.00 | 3,040.77 |
| | | | Chg | 08/01/2012 | C1 | Club Expense | | 25.98 | 3,066.75 |
| | | | Chg | 08/01/2012 | C2 | Club Membership | | 22.00 | 3,088.75 |
| | | | Chg | 08/01/2012 | TX | Sales Tax | | 3.36 | 3,092.11 |
| | | | Chg | 08/15/2012 | FC | Interest | | 31.91 | 3,124.02 |
| | | | Chg | 08/15/2012 | LF | Late Fees | | 25.00 | 3,149.02 |
| | | | Chg | 09/01/2012 | C1 | Club Expense | | 25.98 | 3,175.00 |
| | | | Chg | 09/01/2012 | C2 | Club Membership | | 22.00 | 3,197.00 |
| | | | Chg | 09/01/2012 | TX | Sales Tax | | 3.36 | 3,200.36 |
| | | | Chg | 09/20/2012 | FC | Interest | | 32.63 | 3,232.99 |
| | | | Chg | 09/20/2012 | LF | Late Fees | | 25.00 | 3,257.99 |
| | | | Chg | 10/01/2012 | C1 | Club Expense | | 25.98 | 3,283.97 |
| | | | Chg | 10/01/2012 | C2 | Club Membership | | 22.00 | 3,305.97 |
| | | | Chg | 10/01/2012 | TX | Sales Tax | | 3.36 | 3,309.33 |
| | | | Chg | 10/22/2012 | FC | Interest | | 33.35 | 3,342.68 |
| | | | Chg | 10/22/2012 | LF | Late Fees | | 25.00 | 3,367.68 |
| | | | Chg | 11/01/2012 | C1 | Club Expense | | 25.98 | 3,393.66 |
| | | | Chg | 11/01/2012 | C2 | Club Membership | | 22.00 | 3,415.66 |
| | | | Chg | 11/01/2012 | TX | Sales Tax | | 3.36 | 3,419.02 |
| | | | Chg | 11/20/2012 | FC | Interest | | 34.07 | 3,453.09 |
| | | | Chg | 11/20/2012 | LF | Late Fees | | 25.00 | 3,478.09 |
| | | | Chg | 12/01/2012 | C1 | Club Expense | | 25.98 | 3,504.07 |
| | | | Chg | 12/01/2012 | C2 | Club Membership | | 22.00 | 3,526.07 |
| | | | Chg | 12/01/2012 | TX | Sales Tax | | 3.36 | 3,529.43 |
| | | | Chg | 12/20/2012 | FC | Interest | | 34.79 | 3,564.22 |
| | | | Chg | 12/20/2012 | LF | Late Fees | | 25.00 | 3,589.22 |
| | | | Chg | 01/01/2013 | C1 | Club Expense | | 31.51 | 3,620.73 |
| | | | Chg | 01/01/2013 | C2 | Club Membership | | 23.00 | 3,643.73 |
| | | | Chg | 01/01/2013 | TX | Sales Tax | | 3.82 | 3,647.55 |
| | | | Chg | 01/22/2013 | FC | Interest | | 35.61 | 3,683.16 |
| | | | Chg | 01/22/2013 | LF | Late Fees | | 25.00 | 3,708.16 |
| | | | Chg | 02/01/2013 | C1 | Club Expense | | 31.51 | 3,739.67 |
| | | | Chg | 02/01/2013 | C2 | Club Membership | | 23.00 | 3,762.67 |

**Resident Transaction Report**
**LHI Renaissance, LLC. d/b/a Club Oasis**
Start Date 01/01/2000

CW-0013
Club Oasis-ANTIGUA
171 NE 30th Road
Homestead FL 33033

KW Property Management & Cons.
8200 NW 33rd Street, Suite 300
Doral FL 33122

| Unit | Space | Resident | Type | Date | CC | Description | Check | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | Chg | 02/01/2013 | TX | Sales Tax | | 3.82 | 3,766.49 |
| | | | Chg | 02/20/2013 | FC | Interest | | 36.42 | 3,802.91 |
| | | | Chg | 02/20/2013 | LF | Late Fees | | 25.00 | 3,827.91 |
| | | | Chg | 03/01/2013 | C1 | Club Expense | | 31.51 | 3,859.42 |
| | | | Chg | 03/01/2013 | C2 | Club Membership | | 23.00 | 3,882.42 |
| | | | Chg | 03/01/2013 | TX | Sales Tax | | 3.82 | 3,886.24 |
| | | | Chg | 03/20/2013 | FC | Interest | | 37.24 | 3,923.48 |
| | | | Chg | 03/20/2013 | LF | Late Fees | | 25.00 | 3,948.48 |
| | | | Chg | 04/01/2013 | C1 | Club Expense | | 31.51 | 3,979.99 |
| | | | Chg | 04/01/2013 | C2 | Club Membership | | 23.00 | 4,002.99 |
| | | | Chg | 04/01/2013 | TX | Sales Tax | | 3.82 | 4,006.81 |
| | | | Chg | 04/23/2013 | FC | Interest | | 38.06 | 4,044.87 |
| | | | Chg | 04/23/2013 | LF | Late Fees | | 25.00 | 4,069.87 |
| | | | Chg | 05/01/2013 | C1 | Club Expense | | 31.51 | 4,101.38 |
| | | | Chg | 05/01/2013 | C2 | Club Membership | | 23.00 | 4,124.38 |
| | | | Chg | 05/01/2013 | TX | Sales Tax | | 3.82 | 4,128.20 |
| | | | Chg | 02/20/2014 | FC | Interest | | 38.88 | 4,167.08 |
| | | | Chg | 03/18/2014 | FC | Interest | | 38.88 | 4,205.96 |
| | | | Chg | 04/21/2014 | FC | Interest | | 38.88 | 4,244.84 |
| | | | Chg | 05/20/2014 | FC | Interest | | 38.88 | 4,283.72 |
| | | | Chg | 06/20/2014 | FC | Interest | | 38.88 | 4,322.60 |
| | | | | | | | End Bal | | 4,322.60 |



March 20, 2018

SENT VIA CERTIFIED MAIL AND REGULAR MAIL

James Pak Fredrickson
3479 NE 1 Street
Homestead, FL 33033

## DELINQUENT CLUB DUES

Re:   3479 NE 1 Street, Homestead, FL 33033
      Club Oasis (the "**Club**")

Dear James Pak Fredrickson:

Our firm represents Lennar Homes, LLC (the "**Pre-Transfer Club Owner**") regarding delinquent amounts owed on your Club account. Although no notice is required, this letter is to inform you a Claim of Lien has been filed against your property because you have not paid the Club Dues to the Pre-Transfer Club Owner. As of the date of this letter, the total amount of Club Dues with interest and late fees, if any, is $4,322.60. All attorney's fees and costs incurred to date, as well as all costs of any action and interest from this day forward will also be charged to your account.

Any questions concerning this matter should be directed to our office at payoff@algpl.com or visit our website at www.ALG-FIRM.com to request the current payoff amount or to arrange a payment plan. Please note that any payment(s) made to satisfy the amount due should be made payable to **ASSOCIATION LAW GROUP - TRUST ACCOUNT** and mailed to: **ASSOCIATION LAW GROUP, P.O. BOX 311059, MIAMI, FL 33231**. Such payments should be made in the form of a cashier's check, money order or a wire transfer.

Please note that if all or any of the amounts claimed herein were discharged in a bankruptcy filing in accordance with the U.S. Bankruptcy Code, this statutory notice is not an attempt to collect such amounts from you personally.

PLEASE GOVERN YOURSELF ACCORDINGLY.

David W. Krempa, Esq.

### IMPORTANT NOTICE TO CONSUMER DEBTORS

OUR LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Composite Exhibit "A"**

**Mailing Address:**
P.O. Box 311059
Miami, Florida 33231
Phone: 305.938.6922
Fax: 305.938.6914

**Office Address:**
1200 Brickell Avenue, PH 2000
Miami, Florida 33131
Email: Info@algpl.com

www.ALG-FIRM.com