UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23331-CV-UNGARO

JAMES P. FREDRICKSON

   Plaintiff,

vs.

ASSOCIATION LAW GROUP, P.L.

   Defendant.

_____/

## ASSOCIATION LAW GROUP, P.L.'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

  DEFENDANT ASSOCIATION LAW GROUP, P.L. (hereinafter "ALG") moves to dismiss PLAINTIFF JAMES P. FREDRICKSON'S (hereinafter "Fredrickson") Complaint pursuant to Fed.R.Civ.P. 12(b)6 and in support thereof states:

### FACTS

  1. Part of Fredrickson's Complaint [DE 1] alleges that ALG violated the Fair Debt Collection Practices Act, 15 U.S.C. §15 U.S.C. 1692 et. seq. (FDCPA), and 28 U.S.C. §1331 on the grounds that ALG was attempting to collect money that already been paid by Fredrickson.

  2. Paragraph 9 of Fredrickson's Complaint alleges "[t]he Firm (ALG) was retained by Lennar Homes, LLC ("Lennar") to collect past due amounts allegedly owed for the community clubhouse.

  3. At Paragraphs 18 and 19 of Fredrickson's Complaint, Fredrickson references certain letters, Exhibits "A" and "B" attached to Fredrickson's Complaint. Exhibit "A"

illustrates a November 11, 2014 Estoppel Request from First American Title Insurance Company to Unite Property Management. Exhibit "B" illustrates Unite Property Management's November 13, 2014 Estoppel Information with respect to MIRAGE AT OASIS COMMUNITY ASSOCATION, INC which states "AS OF NOVEMBER 13, 2014 THERE IS A BALANCE DUE ON THE REGULAR ACCOUNT OF: $100.00." However, Unite Property Management's November 13, 2014 Estoppel letter also states in bold "THERE IS A CLUB HOUSE ASSOCIATION CONTACT: KW Property at 786 363 2583." In sum, exhibit "B" only states the amount due for the Mirage at Oasis Community Association, Inc.-- *not the Club.*

4.   At Paragraph 23 of his Complaint, Mr. Fredrickson refers to an October 19, 2017 letter from ALG attached as Exhibit "C" to his Complaint. Said October 19, 2017 refers to Oasis Club.

5.   Paragraph 24 of Fredrickson's Complaint refers to Composite Exhibit "A" and illustrates a letter dated March 20, 2018 from ALG to Mr. Fredrickson entitled "Delinquent Club Dues." In addition, the Resident Transaction Report as part of Fredrickson's Composite Exhibit "A" states "Club Oasis."

6.   Paragraphs 9, 18, 19, 23 and 24 are all incorporated into each of Fredrickson's Counts.

7.   Wherever Fredrickson alleges in his Complaint that ALG is attempting to collect that did not exist, e.g. Paragraphs 30, 31, 33, 35, 37, 39, 41, 43, Fredrickson is referring the $100 of Mirage at Oasis Community Association, Inc. assessments due based on the Unite Property Management Estoppel Letter of November 13, 2014 (Exhibit "B" to Fredrickson's Complaint). However, ALG is attempting to collect club dues for Lennar.

## ANALYSIS

8.  If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss. *Morse, LLC v. United Wisconsin Life Ins. Co.,* 356 F. Supp. 1296, 1299 (S.D. Fla. 2005) citing *Fladell v. Palm Beach County Canvassing Board,* 772 So.2d 1240, 1242 (Fla. 2000). Where an exhibit conflicts with the allegations of a complaint, the exhibit typically controls. *Centers v. Centennial Mortg., Inc,* 398 F.3d 930, 933 (7th Cir. 2005). Thus, a plaintiff "may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Id.* A court is not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document. *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006).

9.  In the instant case, Fredrickson has confused the Mirage at Oasis Community Association, Inc. with the Oasis Club. To demonstrate this confusion, Fredrickson has appended to his Complaint exhibits that illustrate an estoppel letter of $100 with respect to Mirage at Oasis Community Association, Inc.—not the Oasis Club. However, Fredrickson pleads at Paragraph 9 that ALG is retained by Lennar to collect money owed for the community clubhouse. Any allegation that ALG is attempting to collect for Mirage at Oasis Community Association, Inc. or any debt arising from the Mirage at Oasis Community Association, Inc. is wrong and inconsistent with the Fredrickson's exhibits that illustrate ALG is collection Club Oasis dues for Lennar.

WHEREFORE, ALG respectfully moves this Honorable Court to enter an order dismissing Fredrickson's Complaint.

## CERTIFICATE OF CONFERENCE

10. Not required for a motion to dismiss pursuant to Local Rule 7.1(a)(3)(B).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the CM/ECF filing system this 20th day of September, 2018 on all counsel of record on the Service List below.

ASSOCIATION LAW GROUP, P.L.
1200 Brickell Ave. Suite 2000
Miami, FL 33131-3257
Phone: 305 938-6915
Fax: 305 938-6914
Primary Email: joel@algpl.com
Secondary Email: filings@algpl.com

/s/ Joel M. Gaulkin, Esq
_____
Joel M. Gaulkin, Esq. F.B.N. 0767956

## SERVICE LIST

<u>Counsel for Plaintiff:</u>
Abbie B. Cuellar, Esq.
Amador & Cuellar, PLLC
1330 SW 22nd Street, Suite 304
Miami, FL. 33145
Tel.: (305) 901-3337
Email: <u>efiling@aclawoffices.net</u>